UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANGISETTY LAW FIRM, LLC                         CIVIL ACTION

VERSUS                                           NO. 25-1561

JASON JOY & ASSOCIATES,                          SECTION: "J"(5)
PLLC, ET AL.

## ORDER AND REASONS

Before the Court is a *Motion to Transfer/Dismiss* **(Rec. Doc. 4)** filed by Plaintiff Sangisetty Law Firm, LLC ("Sangisetty"). Defendants Jason Joy & Associates, PLLC ("JJA") and Colin Wood filed an opposition (Rec. Doc. 8), to which Sangisetty replied (Rec. Doc. 9). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of a "Joint Venture Agreement" between Plaintiff and Defendant JJA. Defendant Colin Wood was a partner at JJA when the events leading to this litigation transpired.[1] In this agreement, Plaintiff and Defendants agreed to assume the representation of clients, who had formerly been represented by McClenny Moseley and Associates, in litigating insurance claims related to several hurricanes that struck Louisiana during 2020 and 2021. Plaintiff and Defendants entered into the agreement ("Joint Venture Agreement by and Among Jason Joy &

---
[1] JJA and Colin Wood will be referred to collectively as "Defendants."

Associates and The Sangisetty Law Firm, LLC," Rec. Doc. 4-2) both to "facilitate the transfer" of the clients' files and "to work collaboratively to effectuate an expedited and efficient transfer of the clients from the Previous Firm." (Rec. Doc. 4-2, at 1). Plaintiff alleges that Defendants breached this agreement and that, among other claims, Defendants are not entitled to legal fees under the Joint Venture Agreement.

On February 28, 2025, Plaintiff filed the instant case in the 32nd District Court for the Parish of Terrebonne, State of Louisiana. On July 30, 2025, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, averring that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1). Plaintiff filed the instant motion to transfer or dismiss on August 5, 2025, arguing that its agreement with Defendants was governed by a forum-selection clause and requesting that the case be transferred to the 32nd Judicial District Court, State of Louisiana.

In their opposition, Defendants allege that the forum-selection clause does not apply to the Joint Venture Agreement between Plaintiff and Defendants primarily because the Agreement does not include a forum-selection clause; rather, it is the "Hurricane Contingency Fee Agreement" (Rec. Doc. 4-4) executed with clients by Plaintiff and Defendants jointly that includes the forum-selection clause on which Plaintiff bases its argument.

## **LEGAL STANDARD**

In *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, the United States Supreme Court underscored the enforceability of

2

valid forum-selection clauses by saying, "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations," and that "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 66 (2013). Therefore, valid forum-selection clauses agreed to by parties are generally enforced.

However, the primary issue in this case is whether the forum-selection clause is valid as to the contractual relationship between Plaintiff and Defendants. Here, the forum-selection clause is not included in the Joint Venture Agreement executed by Plaintiff and Defendants. Instead, this forum-selectin clause appears in the contingency fee agreement that was executed jointly by Plaintiff and Defendants with the clients they agreed to represent.

## DISCUSSION

Plaintiff submitted two separate agreements with its motion to transfer/dismiss: (1) the "Joint Venture Agreement by and Among Jason Joy & Associates and The Sangisetty Lw Firm, LLC" ("Joint Venture Agreement") (Rec. Doc. 4-2), and (2) a sample "Hurricane Contingency Fee Agreement" (Rec. Doc. 4-4). The latter document, the Hurricane Contingency Fee Agreement, bears the logos of both Defendants' and Plaintiff's law firms, Jason J. Joy & Associates and Sangisetty Law Firm at the top, and throughout the agreement, the two firms are referred to collectively as the "Firms" or "Attorneys." (Rec. Doc. 4-4, at 1).

Plaintiff contends that in this agreement that it executed with Defendants, the parties did not specify a "global" fee-splitting arrangement, but that "such was to be determined at a later date and based on the actual work done on each of the client files." (Rec. Doc. 4-1, at 3). Subsequently, however, the parties allegedly agreed to a 50/50 fee-splitting arrangement in email correspondence dated October 2, 2023. It is this arrangement that is one of the issues in the instant case.

Plaintiff seems to imply that because no specific fee-splitting arrangement was agreed to in the Joint Venture Agreement between Plaintiff and Defendants, the contingency fee agreements executed jointly by Plaintiff and Defendants with clients should govern the fee-splitting arrangement. Therefore, Plaintiff points to provision 11 from the "Hurricane Contingency Fee Agreement," which is the forum-selection clause, and contends that this provision should determine where Plaintiff and Defendants will litigate any claims arising out of the contractual relationship and agreement between them.

However, the contract executed by Plaintiff and Defendants to govern the relationship between them was the Joint Venture Agreement, which does *not* include a forum-selection clause. The forum-selection clause that Plaintiff relies on appears only in the Hurricane Contingency Fee Agreement that was executed jointly by Plaintiff and Defendants with clients. Furthermore, the Hurricane Contingency Fee Agreement executed with clients does not specify or delineate a fee-splitting arrangement. Therefore, even if the Hurricane Contingency Fee Agreement did

4

govern the relationship between Plaintiff and Defendants, it does not set forth the fee-splitting arrangement that forms part of the dispute in the instant case.

To the contrary, the Joint Venture Agreement executed between Plaintiff and Defendants includes an arbitration agreement (Rec. Doc. 4-2, at 2), which reads as follows:

> **VIII. Binding Effect/Governing Law/Mediation.**
> Should any dispute arise out of this Agreement, the parties agree to binding, non-appealable arbitration pursuant to the rules of the American Arbitration Association, limited to a maximum of four days divided equally between the parties; each to have, at most, two days to present its case. The parties agree that both parties contributed to the drafting of this agreement; therefore, the parties agree not to assert against the other party a cannon of construction against the draftsman.

Because Plaintiff has not presented any evidence to support its argument that Plaintiff and Defendants agreed to the forum in which they would litigate disputes arising out of their contractual relationship, the motion to transfer/dismiss lacks both factual and legal support.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Transfer/Dismiss* **(Rec. Doc. 4)** is **DENIED**.

New Orleans, Louisiana, this 12th day of September, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE