UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANGISETTY LAW FIRM, LLC                    CIVIL ACTION

VERSUS                                      NO: 25-1561

JASON JOY & ASSOCIATES, PLLC                SECTION: "J"(5)
ET AL.

## ORDER AND REASONS

Before the Court is a *Motion to Stay State Court Proceedings* **(Rec. Doc. 27)** filed by Defendants Jason Joy & Associates, PLLC ("JJA") and Colin Wood. Plaintiff Sangisetty Law Firm, LLC ("Sangisetty") filed an opposition (Rec. Doc. 30), to which Defendants replied (Rec. Doc. 32). This matter is currently stayed pending arbitration, but the Court will lift the stay for the limited purpose of ruling on Defendants' motion. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendants' motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

The Court has related the factual and procedural background of this litigation in multiple prior orders (Rec. Docs. 13, 24, 31), and therefore, a full recounting is unnecessary. Instead, the Court will focus on the facts that bear directly on the instant motion. This litigation arises out of a joint venture undertaken by Plaintiff and Defendant Jason Joy & Associates, PLLC[1] to represent former clients of

---

[1] Defendant Colin Wood was a partner at JJA when the events leading to this litigation transpired. JJA and Colin Wood will be referred to collectively as "Defendants" throughout. Plaintiff also named Kathleen O'Connor, another

1

McClenny Moseley and Associates ("MMA"). On February 28, 2025, Plaintiff filed the instant case in the 32nd District Court for the Parish of Terrebonne, State of Louisiana. Chief among Plaintiff's claims was that Defendants breached the agreement to share in the joint representation of former MMA clients equally and, therefore, were not entitled to legal fees. Plaintiff alleged that one specific way in which Defendants breached the agreement was by delegating "substantial responsibilities to Xpand Legal, LLC ("Xpand")," a legal administrative services provider. (Rec. Doc. 1-1, at ¶ 8). Additionally, Plaintiff claimed that Defendants worked in concert with Xpand to use legal work that Plaintiff had performed to wrongfully solicit some of Plaintiff's clients. *Id.* at ¶ 17.

On July 30, 2025, Defendants removed the case to this Court on the basis of diversity jurisdiction. Not long afterwards, Plaintiff moved the Court to transfer or dismiss the matter, arguing that its agreement with Defendants was governed by a forum-selection clause and requesting that the case be remanded to the 32nd Judicial District Court. However, the Court found that it was the contingency fee agreements that Sangisetty and JJA jointly executed with clients—and not their Joint Venture Agreement—that contained the forum-selection clause. Further, the Court granted Defendants' motion to compel arbitration based on the Joint Venture Agreement that the parties executed at the outset of their joint endeavor to represent former MMA clients.

---

partner at JJA at the time, as a defendant in this matter, but she has not made an appearance in the record or joined this motion to stay state court proceedings.

2

Prior to Plaintiff's filing the instant action against Defendants, on August 8, 2024, Plaintiff initiated a lawsuit, also in the 32nd District Court, against Xpand Legal, LLC for breach of contract and unfair trade practice. *Sangisetty Law Firm, LLC v. Xpand Legal, LLC*, No. 200581. Xpand asserted a reconventional demand, what would be called a counterclaim in federal court, and Plaintiff moved to dismiss that demand based on nonjoinder. Specifically, Sangisetty maintained that JJA was an indispensable party to Xpand's counterclaim because JJA was also a signatory to the contract between Sangisetty and Xpand. Shortly thereafter, Sangisetty also filed a separate suit in state court against JJA, Kathleen O'Connor, Colin Wood, and Phil Debaillon[2] based on largely the same claims.

The 32nd Judicial District Court ultimately granted Sangisetty's motion in the *Xpand* case and held that JJA was an indispensable party on April 21, 2025. Then, on July 16, 2025, Sangisetty filed a motion in state court to consolidate the suits against Xpand and JJA. All the while, Sangisetty was involved in litigation with MMA as part of MMA's bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and in a proceeding for which the Court granted Sangisetty's motion to remove the reference to the Bankruptcy Court, Sangisetty claimed that JJA was an indispensable party. Ultimately, Defendants removed the instant matter to this Court before the state court consolidated the case with *Sangisetty Law Firm, LLC v. Xpand Legal, LLC*, No. 200581. Convoluted does

---

[2] In the state-court proceeding, the parties jointly moved to voluntarily dismiss Defendant Phil Debaillon, so he is not a party to the proceeding in this Court.

not begin to describe Plaintiff's litigation conduct and the procedural background of this matter.

On February 23, 2026, this Court issued its Order and Reasons granting Defendants' motion to compel arbitration and staying the case. In short order, Plaintiff urged the Court to amend or alter its judgment on March 5, 2026, but the Court denied the motion. Defendants filed the instant motion to stay the state court proceedings while Plaintiff's motion to alter or amend was pending.

## **LEGAL STANDARD**

Under the Anti–Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute presents three exceptions, and the third, which enables a federal court to enjoin a state-court proceeding "to protect or effectuate its judgments," is known as the relitigation exception. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 144 (1988). An "essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Id.* at 148. This prerequisite is subject to a "strict and narrow" construction, *id.*, because "[p]rinciples of comity and federalism" caution against the federal courts' interfering with state-court proceedings, *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 524 (5th Cir. 1994). The Fifth Circuit has interpreted the Supreme Court's decision in *Chick Kam Choo* to mean that the relitigation exception applies only to issues that "actually have

been decided by the federal court," and not to those matters that would be barred by res judicata because they *could have been* litigated. *See Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 408 n.12 (5th Cir. 2008) (applying a collateral estoppel theory rather than a res judicata theory to the relitigation exception).

## DISCUSSION

In this case, the Court has already determined that Plaintiff's claims against Defendants are subject to arbitration, and on February 23, 2026, the Court granted Defendants' motion to compel arbitration. (Rec. Doc. 24). It is well established in the Fifth Circuit that an order compelling arbitration constitutes "a final decision that qualifies as a 'judgment' under the Anti-Injunction Act." *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 893 (5th Cir. 2013) (citing *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 714 n.3 (5th Cir. 2002)). Accordingly, "a district court has the discretion to issue an order staying a related state court proceeding it has determined must be submitted to arbitration if the district court concludes that it is necessary to protect or effectuate its order compelling arbitration." *Id.* (citing *Am. Heritage Life Ins. Co.*, 294 F.3d at 714 n.3). Based on this standard, the Court must determine (1) whether Plaintiff's state-court case against Xpand that includes JJA as a defendant in reconvention is related to the instant matter, and (2) whether enjoining the state-court proceeding is necessary to protect or effectuate the Court's prior order compelling arbitration.

Here, both the litigation history and the pleadings involved in this matter demonstrate that the state-court proceeding is related, if not duplicative as to JJA,

5

to the instant matter. First, Plaintiff itself has claimed that JJA is an indispensable party in its state-court proceeding against Xpand. As explained above, in August of 2024, Sangisetty filed suit in the 32nd District Court against Xpand for breach of contract and unfair trade practice. Specifically, Sangisetty claimed that Xpand had breached a contract to which JJA was also a party. Despite this fact, Sangisetty did not name JJA in the suit. In January of 2025, after Xpand filed its reconventional demand against Sangisetty, Sangisetty filed a peremptory exception of nonjoinder, claiming that Jason Joy & Associates was an indispensable party to Xpand's reconventional demand. For whatever reason, though, Sangisetty insisted that Xpand name JJA as a defendant in reconvention and *not* as a third-party defendant.[3] The state court ultimately sustained Sangisetty's peremptory exception of nonjoinder, holding that JJA is an indispensable party to Xpand's reconventional demand.

Early in the state-court litigation that was removed to this Court, Defendants filed an exception of prematurity in which they moved the court to compel arbitration based on the Joint Venture Agreement. In its opposition to this exception, Plaintiff explicitly stated that "there are three matters currently pending involving *largely the same dispute*. One in Terrebonne involving XPand as well as JJA, another in the United States District Court, Eastern District of Louisiana, and a third in United States District Court, Southern District of Texas." (Rec. Doc. 27-6, at 5 (emphasis

---

[3] Defendants speculate that "Sangisetty was trying to avoid arbitration by keeping Joy out of the main demand." (Rec. Doc. 27-15, at 5).

6

added)). Additionally, when Sangisetty filed the instant action against JJA in state court, a suit which Sangisetty asserted involved "largely the same dispute" as its pending matter against Xpand, Sangisetty alleged in its petition that "[t]here is also a *related matter* pending in this jurisdiction Docket No.: 200581," referring to *Sangisetty v. Xpand Legal, LLC*. (Rec. Doc. 1-1, at 1 (emphasis added)).

Furthermore, when Sangisetty sought to consolidate its state-court case against JJA with the pending matter against Xpand, Plaintiff explained in its motion that there exists "a common nucleus between the two cases. The parties, individuals, and entities overlap in both suits." (Rec. Doc. 27-12, *Sangisetty Law Firm, LLC v. Jason Joy & Assocs.*, No. 201933). Finally, Defendants have pointed to thirteen (13) paragraphs in the amended state-court petition Sangisetty filed against Xpand that are identical or nearly identical to the complaint in the instant case. Based on these facts, which consist primarily of Plaintiff's certified declarations to the 32nd Judicial District Court and to this Court, the Court reaches the only logical conclusion, which is that the state-court proceeding that Defendants seek to enjoin is substantially related to the instant matter.

Next, the Court will consider whether enjoining the state-court action is necessary to protect or effectuate its judgment. On this point, Defendants allege that in the case against Xpand, Plaintiff has propounded discovery requests on both JJA and Colin Wood, despite the fact that Colin Wood is not a party to the state-court litigation. More importantly, Defendants claim that "the majority of the discovery requests relate to the breach of the Joint Venture/fee dispute, which this Court held

must be submitted to arbitration," and they provided eight (8) examples to support this argument, including the following: "Please describe in detail the meaningful legal work you provided for each former MMA client now represented by SLF for which JJA claims is [sic] owed a share of the attorney fee." (Rec. Doc. 27-15, at 6). Defendant argues that "[t]o allow Sangisetty to proceed in state court would allow him to circumvent this Court's order." *Id.* at 7. The Court agrees and concludes that it would be impossible to protect or effectuate its judgment compelling arbitration in the instant matter unless the state-court proceeding were stayed. Moreover, because the 32nd Judicial District Court has determined that JJA is an indispensable party to *Sangisetty Law Firm, LLC v. Xpand, LLC*, the Court finds that the entire state-court proceeding must be enjoined pending arbitration of the instant matter.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Stay State Court Proceedings* **(Rec. Doc. 27)** is **GRANTED**, and *Sangisetty Law Firm, LLC v. Xpand Legal, LLC*, Case No. 200581, which is pending before Division C of the 32nd District Court for the Parish of Terrebonne, State of Louisiana, is hereby **ENJOINED** from proceeding pending arbitration in this matter.

New Orleans, Louisiana, this 29th day of April, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

8